IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

ANGEL GUTIERREZ-ROMERO,

                Petitioner,                          OPINION AND ORDER

      v.                                          25-cv-652-wmc

UNITED STATES IMMIGRATION
AND CITIZENSHIP SERVICES,[1]

                Respondent.

_____

Petitioner Angel Gutierrez-Romero is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, petitioner seeks a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge an expedited order of removal that has been entered against him. For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

To obtain a writ of habeas corpus, petitioner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of

---

[1] Petitioner names the "United States Immigration and Custom Services (USCIS)" as respondent. (Dkt. #1.) The clerk's office is directed to correct the caption to reflect that USCIS stands for "United States Immigration and Citizenship Services."

the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

On November 18, 2022, petitioner was sentenced to 87 months in prison under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction and one count of possession with intent to distribute same. *See United States v. Gutierrez-Romero*, No. 3:22-cr-3, 2025 WL 1755165 (M.D. Fla.). His projected release date is April 25, 2028.

Petitioner, who is a native and citizen of Venezuela, challenges the validity of a Notice and Order of Expedited Removal that was entered against him on April 14, 2025. (Dkt. #1-3, at 1.) Petitioner argues that his removal order is invalid because immigration officials did not follow proper procedures. He asks the court to invalidate the order of expedited removal because prison officials have found him ineligible to earn First Step Act credits towards his early release as a deportable alien who is the "subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Any challenge to the validity of petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather, a petition for review with

the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]"  8 U.S.C. §§ 1252(a)(5), 1252(b)(2).  As a result, the petition must be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Angel Guiterrez Romero (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 19th day of March, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge